## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1.  TEONA MYERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. CIV-18-363-M |
| | ) | |
| 1.  STATE FARM MUTUAL | ) | *Honorable* |
| AUTOMOBILE INSURANCE | ) | |
| COMPANY, | ) | _____ |
| | ) | |
| Defendant. | ) | |

### NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant, State Farm Mutual Automobile Insurance Company ("State Farm"), pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Rule 38(b) of the Federal Rules of Civil Procedure and Local Civil Court Rule 81.1 of the United States District Court for the Western District of Oklahoma, hereby files this Notice of Removal of this case from the District Court of Oklahoma County, Oklahoma, in which court this case is pending, to the United States District Court for the Western District of Oklahoma, being the district embracing the place where the case is pending.  In support of this Notice of Removal, Defendant states the following:

### Timeliness of Removal

1.      Plaintiff commenced this action by filing the Petition in the District Court of Oklahoma County, on March 15, 2018.

2.      State Farm was served via the Oklahoma Insurance Commissioner on March 29, 2018.

3.      In accordance with 28 U.S.C. § 1446(a) and LCvR 81.2, a copy of the Docket Sheet and a clearly legible copy of all documents filed or served in the Oklahoma County case are attached to this Notice of Removal as **Exhibit Nos. "1" through "2".**

4.      This removal was effected within 30 days of service of the Petition on State Farm and therefore is timely.  28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344 (1999) (notice of removal is timely under 28 U.S.C. § 1446(b) if filed within 30 days after service of the complaint).

## Diversity Jurisdiction

5.      At the time the Petition was filed, at the time of removal and all intervening times, the Plaintiff was (and is) a resident and citizen of the State of Oklahoma.

6.      State Farm is a foreign insurance company incorporated in the State of Illinois and its principal place of business is in the State of Illinois.  State Farm is licensed to do business in the State of Oklahoma.  Therefore, it is deemed to be an Illinois citizen for the purpose of diversity.

7.      Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1332 as there is complete diversity between Plaintiff and State Farm.  Removal is proper pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

## Allegations and Claims in the Petition

8.      According to Plaintiff's Petition, the underlying lawsuit arises out of an automobile accident involving Plaintiff and an unnamed tortfeasor, which occurred on or about October 13, 2016.  The vehicle was insured with a policy of automobile insurance, Policy No. 3672-861-36, issued by State Farm, which contained provisions for uninsured/underinsured motorist coverage.  Plaintiff contends the policy was in force at the time of the accident and further contends State Farm has breached the insurance contract and caused Plaintiff damages by the refusal to pay Plaintiff's demands for underinsured motorist benefits.  Plaintiff also contends State Farm's actions in handling Plaintiff's claim were in bad faith.  The State Farm policy covering the vehicle driven by Plaintiff at the time of this accident has uninsured/underinsured motorist coverage of $25,000.00/$50,000.00.

9.      Upon completing its initial investigation into Plaintiff's claims, State Farm advised Plaintiff that her claim was assigned an initial value within the liability limits of the tortfeasor's insurance policy and, per the terms and conditions of Plaintiff's insurance policy and 36 O.S. § 3636, State Farm advised that Plaintiff was not entitled to a payment under the UM/UIM coverage. State Farm thereafter received additional medical records and bills from the insured and reopened its investigation and evaluation into the claim.  In

the course of its follow-up evaluation, State Farm offered Plaintiff $1,000.00 which Plaintiff denied and demanded payment of the policy limits.

10.     Plaintiff alleges that State Farm breached its contract with Plaintiff and that State Farm breached its duty of good faith and fair dealing.  All of this is denied by State Farm.

## Amount in Controversy

11.     State Farm and its counsel represent to this Court their good faith belief that the amount in controversy is met for the following reasons:

      a.      Plaintiff alleges State Farm acted in bad faith and that State Farm breached the insurance contract with Plaintiff.

      b.      Plaintiff specifically states in his Petition that she is seeking judgment against State Farm "for an amount in excess of $75,000.00," which is an amount in excess of the amount required for diversity jurisdiction pursuant to 28 U.S.C. §1332.

      c.      Plaintiff's Petition asserts that State Farm's conduct was such that it is claimed to be liable for damages in an amount in excess of $75,000.00.

      d.      Based on Plaintiff's allegations and prayer for recovery of damages, Plaintiff is seeking judgment against State Farm in an amount exceeding the sum of $75,000.00, together with interest, attorney fees and costs, which is in excess of the amount required for diversity jurisdiction pursuant to 28 U.S.C. § 1332.

12.     While State Farm disputes Plaintiff's allegations, State Farm and its counsel have attempted in good faith to set forth the factual basis for establishing the amount in controversy in excess of $75,000.00 has been met in accordance with *Laughlin v. Kmart Corp.*, 50 F.3d 871 (10th Cir. 1995).  *See also Schrader v. Farmers Insurance Company*, 2008 WL 2782710 (W.D. Okla.) (citing to *McPhail v. Deere & Co.* 529 F.3d 947 (10th Cir. 2008)).

13.     Pursuant to 28 U.S.C. § 1446(a), State Farm acknowledges that this Notice of Removal is signed and filed herein pursuant to Rule 11 of the Federal Rules of Civil Procedure.

14.     State Farm and its counsel acknowledge that the timing of this removal is governed by 28 U.S.C. § 1446(b) which provides, in pertinent part:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of the initial pleadings setting forth the relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may be first ascertained that the case is one which is or has become removable . . . .

State Farm contends that removal is proper based upon the face of the Petition and that said removal has been done so timely.  *See Martin v. Franklin Corp.*, 251 F.3d 1284,

1290 (10th Cir. 2001) (holding that a Section 1332(a) removal is appropriate only if the amount-in-controversy requirement is "affirmatively established" on the face of either the state court petition or the notice of removal); *see also* 23 O.S. § 9.1(C)(2)(b); *Meira v. Dairyland Ins. Co.*, 143 F.3d 1337 (10th Cir. 1998); *Salaar v. Geico Ins. Co.*, 2010 WL 2292930 (D.N.M. 2010).

15.     The Tenth Circuit has construed the language of 28 U.S.C. § 1446(b) to mean that "the removal period does not begin until the defendant is able to 'intelligently ascertain removability so that in his petition for removal he can make a simple and short statement of the facts.'" *Huffman v. Saul Holdings Limited Partnership*, 194 F.3d 1072, 1079 (10th Cir. 1999) (quoting *DeBry v. Transamerica Corp.*, 601 F.2d 480, 489 (10th Cir. 1979). The notice of removability must be "unequivocal," and "the circumstances permitting removal must normally come about as a result of a voluntary act on the part of the Plaintiff." *Id.* (citing *DeBry*, 601 F.2d at 486-88).

16.     Upon the face of Plaintiff's Petition, it clearly states that Plaintiff seeks money damages in an amount in excess of the amount required for diversity jurisdiction pursuant to 28 U.S.C. § 1332.

17.     Pursuant to the teachings of *Laughlin, supra*, the removing defendant bears the burden of establishing federal court jurisdiction at the time of removal. *Laughlin*, 50 F.3d at 873. State Farm and its counsel contend that the facts and reasons set forth above support removal.

18.     Pursuant to LCvR 81.1, State Farm demands a jury trial and affirmatively states Plaintiff is put on notice of said demand.

19.     Contemporaneously with the filing of this Notice of Removal, written notice has been served upon the Plaintiff through her counsel of record and a copy of this Notice of Removal has been filed with the District Court of Oklahoma County, Oklahoma.

Respectfully submitted,

**WILSON, CAIN & ACQUAVIVA**
300 Northwest 13th Street, Suite 100
Oklahoma City, Oklahoma  73103
Telephone:  (405) 236-2600
Date:  April 18, 2018          Facsimile:   (405) 231-0062

s/Joseph T. Acquaviva, Jr.
Joseph T. Acquaviva, Jr., OBA #11743
JTAcqua@wcalaw.com
Zachary K. Housel, OBA #32802
Zach@wcalaw.com

**ATTORNEYS FOR DEFENDANT,
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

___X___   I hereby certify that on the 18th day of April, 2018, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Matthew Reinstein
mreinstein@lawterlaw.com
Mike Moore
mmoore@lawterlaw.com
Jason Bolitho
jbolitho@lawterlaw.com
**LAWTER & ASSOCIATES, PLLC**
3313 North Classen Boulevard
Oklahoma City, OK 73118
**ATTORNEYS FOR PLAINTIFF**


_____   I hereby certify that on the _____ day of _____, 2018, I served the attached document by certified mail, return receipt requested, with proper postage prepaid thereon to the following:


 s/Joseph T. Acquaviva, Jr._____
Joseph T. Acquaviva, Jr.
Zachary K. Housel