IN THE DISTRICT COURT OF OKLAHOMA COUNTY,
STATE OF OKLAHOMA

TEONA J. MYERS, )
)
    Plaintiff, )
)
vs. )  Case No. **CJ-2018-1451**
)
STATE FARM MUTUAL AUTOMOBILE )
INSURANCE COMPANY, )
)
    Defendant. )

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

MAR 1 5 2018

RICK WARREN
COURT CLERK
50_____

## PETITION

COMES NOW the Plaintiff, Teona J. Myers, by and through her attorneys of record, Matthew Reinstein, Michael J. Moore and Jason Bolitho of Lawter & Associates, P.L.L.C., and, for her causes of action against the Defendant, alleges the following upon information and belief:

1. Plaintiff Teona J. Myers is a citizen of the State of Oklahoma.

2. Defendant State Farm Mutual Automobile Insurance Company ("State Farm") is a for-profit corporation authorized to do business in the State of Oklahoma, with its principal headquarters in Bloomington, Illinois.

3. Defendant regularly conducts business throughout the State of Oklahoma, including Oklahoma County. Defendant issues policies, processes claims, and conducts all matters of business through an office(s) and agents located in Oklahoma County.

4. The matter giving rise to this suit occurred in the State of Oklahoma.

5. The Defendant has sufficient contacts with the State of Oklahoma to warrant the exercise of *in personam* jurisdiction by this Court. Pursuant to 12 O.S.

§2004(F), this Court has proper subject matter jurisdiction. Pursuant to 12 O.S. §137, venue is proper in Oklahoma County.

6. The amount in controversy herein exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

## FACTS

7. Plaintiff adopts and incorporates herein paragraphs 1 through 6 above, as if more fully stated herein, and further alleges and states as follows:

8. That at all material times herein, Plaintiff was insured pursuant to a contract(s) of insurance on a 2009 Infiniti M35 with Defendant that provided, among other things, uninsured/underinsured (UM/UIM) motorist insurance coverage for Plaintiff in the amount of $25,000.00 limits (per person), identified as insurance policy number OKA100013478. This contract of insurance was in full force and effect at the time of Plaintiff's loss on October 13, 2016.

9. That on or about October 13, 2016, on N.W. 23rd Street near Roff Avenue in Oklahoma City, Plaintiff was injured in an automobile collision, resulting in damages including medical expenses and loss of income. The Plaintiff was not at fault in the collision.

10. On November 17, 2016, Plaintiff provided notice to State Farm of said collision resulting in a UM/UIM claim (Claim #36-0207-5J7). Thereafter, the Plaintiff timely notified the Defendant of, among other things, her UM/UIM claim.

11. As a result of the October 13, 2016, collision, the Plaintiff sustained personal injuries to her cervical, thoracic and lumbar spine and underwent necessary

medical treatment, including, but not limited to, an epidural steroid injection into her spine.

12. On June 23, 2017, counsel for Plaintiff sent a letter on behalf of Plaintiff to State farm advising it she wished to pursue a claim against the Underinsured Motorist Portion of the aforesaid policy and claim. Along with said letter State Farm was provided medical and wage authorizations and a complete copy of medical records and bills related to the Plaintiff's claim at that point in time. This letter and attached documentation contained medical records from Dr. J. Arden Blough and a Neurosurgeon, Qualls E. Stevens confirming objective findings of injuries and the need for the Plaintiff to have future treatment to deal with her ongoing pain and problems. The Plaintiff's actual damages identified to State Farm at that time totaled over $37,000.00.

13. In response to said letter, on August 22, 2017, adjuster Dexter Hoskins from State Farm sent Plaintiff's counsel a letter advising the Plaintiff that her claim had been evaluated to be worth less than the liability insurance limit of $25,000.00 held by the at-fault driver involved in the collision with the Plaintiff on October 13, 2016. As such State Farm refused to make any payment to the Plaintiff at that time.

14. On October 5, 2017, counsel for Plaintiff sent a letter on behalf of Plaintiff to State Farm informing adjuster Dexter Hoskins that the Plaintiff had undergone yet another spinal injection due to her persistent pain and problems. The additional records and billing statements were sent along with this letter. At that point in time Dr. J. Arden Blough's records made it clear to State Farm that Plaintiff's future medical expenses could total well in excess of $100,000.00, as she would ultimately need surgical intervention for her cervical spine injury. Plaintiff made a demand for State Farm to

tender its policy limits of $25,000.00 to the Plaintiff as the claim clearly warranted an evaluation well in excess of $50,000.00.

15. Almost two months later adjuster Dexter Hoskins for State Farm replied in a letter dated November 26, 2017, advising the Plaintiff that "it is our position at this time, Ms. Myer's claim is valued within the available $25,000.00 liability limits of the at-fault insurance carrier, Hallmark Insurance Company." As such State Farm refused to make any payment to the Plaintiff at that time.

16. On November 30, 2017, counsel for Plaintiff advised State Farm that Hallmark Insurance had offered Ms. Myers the policy limit of $25,000.00 to settle her claims against the at-fault driver.

17. On December 1, 2017, adjuster Dexter Hoskins sent counsel a letter acknowledging the settlement with Hallmark Insurance, but inexplicably asked for medical information that had already been in his possession for months; and even more inexplicably, stated: "Finally, upon further reviewing of Ms. Myer's claim, considering what medical documents have been received, we are in a position to extend an offer for $1,000.00 as full and final settlement of her Underinsured Motorist claim."

18. That as a result of this improper conduct on the part of the Defendant, Plaintiff has sustained, among other things, monetary damages, inconvenience, physical discomfort, loss of peace of mind and security, emotional distress, worry, anguish, and financial distress.

## FIRST CAUSE OF ACTION

## BREACH OF CONTRACT

19. Plaintiff adopts and incorporates herein paragraphs 1 through 18 above, as if more fully stated herein, and further alleges and states as follows:

20. When the subject insurance policy was purchased the Plaintiff did not contract to obtain a commercial advantage, but sought to protect herself against the risks of accidental losses and the mental stress that could result from such losses. State Farm knew one of the primary reasons a consumer, such as Plaintiff, purchases insurance is the peace of mind and security that it provides in the event of loss. State Farm knew that the very risk Plaintiff insured herself against presupposed that when a claim was made for benefits under the underinsured/uninsured coverage, Plaintiff could possibly be in financial straits or circumstances and, therefore, particularly vulnerable to oppressive tactics on the part of an economically-powerful entity such as State Farm.

21. That State Farm's relationship with its insured was a fiduciary relationship and/or a special relationship making the laws governing fiduciary relationships applicable. Despite this fiduciary and/or special relationship, State Farm refused to honor its prior commitment to pay for damages incurred by Plaintiff.

22. That State Farm breached the insurance contract with Plaintiff by failing to pay her for the damages incurred as a result of the October 13, 2016, collision. As a result of State Farm's breach of contract, Plaintiff has been damaged in at least the amount of the UM/UIM policy limit per person of $25,000.00.

## SECOND CAUSE OF ACTION

## BAD FAITH

23. Plaintiff adopts and incorporates herein paragraphs 1 through 22 above, as if more fully stated herein, and further alleges and states as follows:

24. State Farm is required to do at least the following as part of its duty of good faith and fair dealing with first-party insured including the Plaintiff:

(a) Treat her interest with equal regard to its own interest (not adversarial process);

(b) Assist her with her UM claim;

(c) Conduct a full, fair and prompt investigation of her UM claim;

(d) Fairly, objectively, and even-handedly evaluate her UM claim;

(e) Diligently search for and consider evidence that supports payment of her UM claim;

(f) Not deny or reduce her UM claim based upon insufficient information, speculation or bias;

(g) Promptly pay all UM policy benefits owed to her under the policy;

(h) Have in its possession some objective medical evidence that justifies its evaluation;

(i) Not compel her to institute and pursue a lawsuit to recover benefits due under the UM policy; and

(j) Not delay payment to her of UM benefits owed under the policy.

25. Under the terms of the subject Underinsured Motorist policy State Farm had available many tools to help it evaluate this claim fully and fairly. State Farm was entitled to take a statement from the Plaintiff to discover things that couldn't be known by just reading her medical records, such as how the injuries affected Ms. Myer's daily

6

life, yet it deliberately chose not to do so. State Farm was further entitled to have the Plaintiff examined by a doctor of its choice and/or to obtain the opinion of its own expert as to the medical information the Plaintiff provided. State Farm never had her examined by a doctor and has never provided counsel any medical opinion from any other doctor disputing the medical opinions of Dr. J. Arden Blough and Dr. Qualls E. Stevens.

26. In fact, in the aforesaid letter to State Farm dated November 30, 2017, it was specifically pointed out that State Farm had never even bothered to take Ms. Myer' statement. Yet the December 1, 2017 letter from State Farm offering the Plaintiff only $1,000.00 was still sent without requesting Ms. Myer's statement, demonstrating a total lack of care and concern.

27. State Farm has violated its duty of good faith and fair dealing by unreasonably and in bad faith refusing to pay Plaintiff the proper amount for her valid claims under the insurance policy. State Farm has further violated the duty of good faith and fair dealing by unreasonably failing to perform a proper investigation and by failing to evaluate the results of its investigation properly; that State Farm had no reasonable or objective basis to refuse to offer the uninsured/underinsured policy limits of $25,000.00 to satisfy the Plaintiff's claim. State Farm has further violated its duty of good faith and fair dealing by negligently supervising this loss.

28. That Plaintiff has made repeated demands that Defendant pay her UM/UIM claim as a result of the October 13, 2016, automobile collision pursuant to the policy of insurance previously issued by Defendant to Plaintiff, and the Defendant refused to, among other things, timely and properly investigate, evaluate, and properly pay Plaintiff's claim(s). This includes unreasonably, recklessly, and/or intentionally

delaying payment of the applicable UM/UIM policy limits of $25,000.00. As a result, State Farm has breached its duty of good faith and fair dealing owed to the Plaintiff.

29. That State Farm has breached the duty of utmost good faith and fair dealing owed by an insurer to its insured by its willful, wanton and reckless disregard of all of the medical information it was provided. State Farm has recklessly disregarded its duty to deal fairly and in good faith with its insured. That as a result of State Farm's breach of its duty of good faith and fair dealing, Plaintiff has suffered actual monetary damages and has also suffered inconvenience, physical discomfort, loss of peace of mind and security, emotional distress, worry, anguish, and financial distress in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00).

30. Finally, based upon State Farm's wanton, willful, and malicious actions, as well as its reckless disregard of its duty to deal fairly and in good faith towards its insured, Plaintiff seeks punitive damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00).

## CONCLUSION

WHEREFORE, premises considered, the Plaintiff, Teona J. Myers, prays for judgment in her favor against the Defendant, State Farm Mutual Automobile Insurance Company, for (a) breach of contract damages in the amount of $25,000.00; (b) actual damages in an amount in excess of $75,000.00; (c) punitive damages in an amount in excess of $75,000.00; (d) Plaintiff's prejudgment interest, costs, and a reasonable attorney's fee; and (e) such other relief to which Plaintiff may be entitled.

Respectfully Submitted,
LAWTER & ASSOCIATES, P.L.L.C.

By: Matthew Reinstein, OBA # 17127
Mike Moore, OBA # 6347
Jason Bolitho, OBA # 33118
3313 North Classen Boulevard
Oklahoma City, OK. 73118
Telephone - (405) 525-4131
*Attorneys for Plaintiff, Teona J. Myers*
**ATTORNEY'S LIEN CLAIMED**
**JURY TRIAL DEMANDED**